[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10391
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00274-ODE-JFK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHANDERPERSAD KANDHAI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 14, 2015)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

A jury found Chanderpersad Kandhai guilty on both counts of an indictment, conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 (Count One), and importing a controlled substance, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) (Count Two),[1] and the District Court sentenced him to concurrent prison terms of 121 months. Kandhai now appeals his convictions, seeking a new trial on the basis of the District Court's denial of his motion to suppress evidence, two of the court's evidentiary rulings at trial, and one of the instructions contained in the court's charge to the jury prior to its deliberations. We find no merit in any of these challenges and accordingly affirm Kandhai's convictions.

The facts that led to Kandhai's convictions are these: On April 27, 2013, Kandhai, a Dutch national, arrived at the Hartsfield-Jackson Airport in Atlanta, Georgia, on a flight from Quito, Ecuador. DEA agents were waiting for him, having been tipped by a confidential informant, Osvaldo Aquino, that he was carrying narcotics. Aquino had provided the agents with copies of Kandhai's passport, his itinerary, and photographs of Kandhai and the suitcase he would be carrying.[2]

---

[1] Kandhai, Sandro Ortiz-Guzman, and Nelson Antonio Beato were charged in both counts.

[2] Ortiz-Guzman had given these items to Aquino.

The agents seized the suitcase shown in the photograph before it got to the baggage conveyor, searched it and found cocaine, and placed it on the conveyor. When the suitcase reached the baggage claim area, Kandhai claimed it and proceeded to the customs check point. There, customs agents opened the suitcase and found the cocaine. Kandhai was immediately arrested and taken into custody.

I.

Following his indictment, Kandhai moved the District Court to suppress the warrantless search of his suitcase as unreasonable under the Fourth Amendment. The court referred the motion to a Magistrate Judge, who held an evidentiary hearing and issued a Report and Recommendation ("R & R") recommending that that the motion be denied. Kandhai did not object to the R & R's findings and recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1), (2), and the District Court, adopting the R & R and the recommendation denied Kandhai's motion. The customs agents did not need a warrant to search the suitcase because the search was conducted at the functional equivalent of the border. Under the border search exception, the Fourth Amendment's warrant requirement does not apply.

Kandhai's failure to object to the R & R's findings and recommendation operated to waive his "right to review." Fed. R. Crim. P. 59(b)(2). In *United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015), we held that this rule

barred our review because the defendant failed to object to the findings and recommendation in the Magistrate Judge's R & R.

**II**.

Kandhai argues that the District Court abused its discretion by admitting, under Federal Rule of Evidence 404(b), his prior 2009 conviction for importing cocaine into the Netherlands[3] because the conviction occurred five years prior to the instant offense, and thus was too remote to be considered, and its probative value was substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403.

Rule 404(b) prohibits the admission of evidence of a crime or other bad acts to prove a defendant's character, but permits admission of such evidence for other purposes, such as showing intent. Fed. R. Evid. 404(b). We apply a three-part test to determine the admissibility of Rule 404(b) evidence: (1) the evidence must be relevant to an issue other than the defendant's character; (2) sufficient evidence must be presented for a jury to find that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must satisfy Federal Rule of Evidence 403. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). Under Rule 403, a court may exclude relevant evidence where its probative value is substantially outweighed by unfair prejudice. Fed. R. Evid. 403.

---

[3] Kandhai stipulated to the conviction.

Kandhai's 2009 conviction was highly probative of his intent to smuggle cocaine into the United States in his suitcase. That the conviction occurred five years prior to the instant offense did not diminish its probative value on the issue of intent. *See e.g., Edouard*, 485 F.3d at 1346. And such value was not outweighed by a danger of unfair prejudice, especially in light of the District Court's limiting instruction which mitigated the possibility of prejudice.

## III.

Kandhai argues that the court abused its discretion (1) in admitting e-mails between an alleged co-conspirator and the confidential informant, Aquino, because the Count One conspiracy had not been established by a preponderance of the evidence, and (2) in admitting the photograph of his passport found within an e-mail account, because it had not been authenticated in accordance with Federal Rule of Evidence 901(a).

Statements made by a co-conspirator during and in furtherance of the conspiracy are not considered hearsay. Fed. R. Evid. 801(d)(2)(E). In order to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy. *United States v. Magluta*, 418 F.3d 1166,1177–78 (11th Cir. 2005).

5

Under Rule 901(a), documents are not admissible at trial unless they are properly authenticated by evidence "sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Authentication may be accomplished through the testimony of a witness with knowledge. Fed. R. Evid. 901(b)(1); *United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011) (ruling that the government properly authenticated online chat transcripts where a detective "testified that he participated in the online chats and the transcripts were accurate copies of those conversations").

We find no abuse of discretion in these evidentiary rulings. First, the conspiracy was well established through Aquino's testimony and the evidence as a whole. Among other things, Aquino testified that Ortiz-Gomez provided him with photographs of Kandhai and his luggage and that the couriers in this operation were typically aware of the amount of cocaine they were carrying. Second, Aquino's testimony also authenticated the photograph of Kandhai's passport.

## IV.

Kandhai asserts that the District Court improperly instructed the jury on the charge of importing a controlled substance. Specifically, by providing a general instruction on willfulness and then instructing the jury that to support the importation charge Kandhai merely had to "knowingly" import a suitcase

6

containing cocaine, the court created the possibility for the jury to convict Kandhai under a lesser standard.

To support a proper conviction for importation of a controlled substance, the government must show that a defendant "knowingly or intentionally" imported a controlled substance, in violation of 21 U.S.C. § 952.  21 U.S.C. § 960(a).  The term "willfully" does not appear in the statute or the indictment, rather each uses the language "knowingly and intentionally." *See* § 960(a).  The inclusion of an intent requirement in the statutory language "tilts against any possibility that Congress intended any additional scienter requirement."  *See United States v. Polar,* 369 F.3d 1248, 1252–53 (11th Cir. 2004) (holding that a district court did not abuse its discretion by refusing to instruct the jury on willfulness where the statute only required that the defendant act "knowingly").

We find that the court's instruction, which followed this circuit's pattern jury instruction on importing, clearly and correctly laid out the elements of importing cocaine into the United States.  The court was not required to include the word "willfully," as the statute itself does not.  *See* 21 U.S.C. §§ 952(a), 960(a).

AFFIRMED.

7